PROB 12C
(01/05)

United States District Court
for
Eastern District of Missouri

Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Detra Brady a/k/a Detra Shorter        Case Number: 4:03CR00408ERW

Name of Sentencing Judicial Officer:  The Honorable E. Richard Webber
                                       United States District Judge

Date of Original Sentence: December 4, 2003

Original Offense: Conspiracy to Commit Mail and Wire Fraud

Original Sentence: 41 month(s) prison followed by 24 month(s) supervised release

Type of Supervision: Term Of Supervised Release

Date Supervision Commenced: January 11, 2007
Expiration Date: January 10, 2009

Assistant U.S. Attorney: Raymond Meyer        Defense Attorney: Steven C. Edelman

PETITIONING THE COURT

[X]   To issue a warrant

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number

General Condition: The defendant shall not commit another federal, state, or local crime.

Nature of Noncompliance

On November 12, 2007, Brady was arrested in Waukegan, Illinois by officers with the Vernon Hills Police Department. The arrest report indicates that Brady was arrested with three other individuals who were in a purple van leaving the Rivertree Mall. It was believed that some of the individuals in this van had made illegal purchases with credit cards belonging to a woman who had her wallet stolen while she was sitting in the mall at Eloise Bakery. Officers subsequently pulled the van over

PROB 12C
(12/06)

2

Detra Brady
4:03CR00408ERW

and found that the owner and driver of the van, Cassandra Alex, was driving after having her license revoked. Due to this violation, Alex was arrested. Inside the van, officers located a pair of scissors, a glue stick, and two Polaroid pictures of Detra Brady. One of these pictures was cut out into a one inch square, similar to what you would see on a form of identification. Officers also found numerous bags containing new merchandise from Best Buy. They also found three American Express gift cards. As the investigation continued, it was learned that Detra Brady was the individual who had purchased the items from Best Buy. She purchased these items with a stolen credit card. Best Buy also provided police a video tape which showed Brady as she purchased these items using the credit card which did not belong to her. Brady was subsequently arrested. During an interview with police, Brady admitted to purchasing a camera, two phones, and some gift cards with the stolen credit card. The total amount of this purchase was approximately $1,900.00. Brady admitted to the officers that she signed the name on the credit card, but denied having any knowledge as to how she obtained the credit card she used. Brady also had two gift cards in her wallet which had been purchased fraudulently. Brady was charged with Forgery and Unlawful Use of a Credit Card in Lake County, Illinois. She is scheduled for an initial appearance on December 19, 2007 in Lake County Court located in Waukegan, Illinois.

### Violation Number

Condition No. 1: The defendant shall not leave the judicial district without the permission of the Court or probation officer.

### Nature of Noncompliance

On November 12, 2007, Brady was arrested in Waukegan, Illinois by officers with the Vernon Hills Police Department. Brady had not asked for permission to travel out of the district and had not been given a travel permit.

### Violation Number

Condition No. 3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

### Nature of Noncompliance

On January 12, 2007, Brady met with her probation officer in the probation office. During this meeting she advised that she would not be able to pay the monthly $500 ordered by the Court toward restitution. She advised that this was unrealistic due to her current income. She went on to advise that she wanted to purchase a 2006 Dodge Stratus, because she needed her own transportation. The probation officer reminded Brady that per her conditions, she is not to incur any credit without the approval of the probation office. She was encouraged to find an automobile which would be more

PROB 12C
(12/98)

3

Detra Brady
4:03CR00408ERW

affordable, given her court ordered restitution of $1,245,222.93. The probation officer instructed Brady to provide the VIN number, purchase price, and all available information about any car which she wished to purchase. Brady was advised that she was not to purchase any automobile until approval was obtained by the Court or probation office.

On January 25, 2007, a home visit was conducted at Brady's home. Parked outside the residence was a 2006 Dodge Stratus. When the officer inquired about the car, Brady advised that she and her mother purchased this car and that her mother was "helping her" with the payments. Upon further discussion, Brady advised that she had lied to the probation officer during the meeting on January 12, 2007, and had purchased the car before their meeting. Brady also advised that she would like to meet with the Court to explain her special circumstances. Available records indicated that the Stratus was purchased by Brady on November 4, 2006, and that she was listed as the sole owner.

On February 9, 2007, the Court met with Brady about this incident. Brady was chastised and the Court ordered Brady to pay $500 a month in restitution as originally ordered. The Court made it clear that it was inappropriate for Brady to obtain a car loan without the permission of the probation office or the Court.

On March 27, 2007, Brady met with her probation officer at the probation office. During this meeting, Brady advised that, "I have something to tell you, and I hope this does not make you blow your lid." She then informed the probation officer that she had obtained a new loan, on a different car, without notifying the probation officer or the Court. She stated that this loan was done because the financing had not worked out on her car. She stated that she had "no other choice" and thought that the Court would "be happy about this" since her new loan is "for less" and did not "cost as much."

After an investigation, it was learned that the new loan was for $12,950 and the payment is $383 per month. The interest on this loan is higher, and the loan amount is higher than the $12,190 which was originally borrowed. In addition, her monthly payment increased from $301 per month to $383 per month.

### Violation Number

Condition No. 9: The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer.

### Nature of Noncompliance

On November 12, 2007, Brady was arrested in Waukegan, Illinois by officers with the Vernon Hills Police Department. At the time of her arrest she was riding in a van with three other individuals who

PROB 12C
(12/09)

Detra Brady
4:03CR00408ERW

4

were also arrested. Two of the three individuals were convicted felons. They include: Reginald Hoskins who had convictions for Attempted Robbery and Aggravated Battery (sentenced to four years custody in the Illinois Department of Corrections), and Bobby Wallace who had two felony drug convictions and three forgery convictions (sentencing records have been requested).

### Violation Number

Special Condition No. 2: The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without the approval of the United States Probation Office so long as there is a balance on the Court-imposed financial obligation.

### Nature of Noncompliance

As noted above, Brady applied for and obtained a new loan without the permission of the Court or U.S. Probation Office. It should be noted that this was done after she had been before the Court on February 9, 2007, for similar conduct.

### Previous Violations

On January 26, 2007 and January 29, 2007, violation reports were submitted to the Court after Brady obtained a loan without permission and lied to the Probation Officer about the purchase of a 2006 Dodge Stratus. The information from this violation report has been incorporated into this report.

On April 17, 2007, a violation report was submitted to the Court after Brady obtained a new loan on a second car, after she had already been chastised by the Court for this type of behavior. The information from this violation report has been incorporated into this report.

On June 12, 2007, a summary report was submitted to the Court for consideration during a revocation hearing held on June 14, 2007. This report includes the failure to pay restitution as ordered, new charges for traffic offenses, and the failure to obtain regular employment. The court continued the matter until October 10, 2007.

On October 4, 2007, a summary report was submitted to the Court for consideration during a revocation hearing held on October 10, 2007. This report includes Brady's failure to submit Monthly Supervision Report (MSR's), and notes that Brady obtained two new tickets for speeding. The Court continued the matter until December 7, 2007; however, this date was changed to December 17, 2007, after the Court learned that Brady was in custody on state charges.

PROB 12C
(12/98)

Detra Brady
4:03CR00408ERW

S

### U.S. Probation Officer Recommendation:

Ms. Brady has been on supervision since January 11, 2007. From the beginning, she has continued to violate the terms of her release, despite intense Court involvement. Most recently, she has been charged with forgery and the unlawful use of a credit card, with is similar conduct to the instant offense. It is respectfully requested that Brady's term of supervision be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 13, 2007

Approved
by _____     by _____
Scott A. Anders                 Marty A. Thurman
Supervising U.S. Probation Officer    U.S. Probation Officer
Date: 12-13-07

### THE COURT ORDERS:

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons   Appearance Date & Time:
[ ] Other

_____
Signature of Judicial Officer

12/14/07
Date